LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BERMUDEZ; and RUBEN BERMUDEZ , <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) <br> 2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983) <br> 3. Substantive Due Process—(42 U.S.C. § 1983) <br><br> **DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

Plaintiffs MARIA BERMUDEZ and RUBEN BERMUDEZ for their complaint against Defendants COUNTY OF LOS ANGELES, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal police shooting of the decedent, Eduardo Bermudez.

## PARTIES

2. At all relevant times, Eduardo Bermudez ("DECEDENT") was an individual residing in County of San Bernardino, California.

3. Plaintiff MARIA BERMUDEZ is an individual residing in the County of San Bernardino, California, and is the natural mother of DECEDENT. MARIA BERMUDEZ sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. MARIA BERMUDEZ seeks both survival and wrongful death damages under federal law.

4. Plaintiff RUBEN BERMUDEZ is an individual residing in the County of San Bernardino, California, and is the natural father of DECEDENT. RUBEN BERMUDEZ sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. RUBEN BERMUDEZ seeks both survival and wrongful death damages under federal law.

5. At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendant DOES 1-5, who were COUNTY sheriff's deputies, DOES 6-

7, who were COUNTY sheriff's deputies supervisorial officers, and DOES 8-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff Department.  On information and belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles, California.  DOES 1-10 are sued in their individual capacity for damages only.

6. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

7. At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

9. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

10. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

11. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

14. On or about November 16, 2014, DECEDENT was in front of his sister's home near the 5300 Block of Verona Street in the City of Los Angeles, California.

15. Near the 5300 Block of Verona Streeet, Ocean Blvd. and 14th Place, DOES 1-5 discharged their firearms at DECEDENT, striking him several times, causing DECEDENT serious physical injury and eventually killing him.

16. At the time of the shooting, DECEDENT posed no imminent threat of death or serious physical injury to either DOES 1-5 or any other person.

17. On information and belief, DOES 1-5 had no information that DECEDENT had committed a felony.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOES 1-5)

18. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

19. DOES1-5's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to

DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

20. The unreasonable use of force by Defendant DOES 1-5 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

21. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

22. As a result of the conduct of DOES 1-5, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

23. This use of deadly force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

24. The conduct of DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5.

25. Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

26. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOES 1-5)

27. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

28. On information and belief, after shooting DECEDENT multiple times, DOES 1-5 did not immediately summons medical attention for the DECEDENT.

29. After the responding medical providers arrived on scene, DOES 1-5 denied the medical providers access to DECEDENT for several minutes, while DECEDENT bled profusely in the street as a result of his gunshot wounds and ultimately died. Further, the involved deputies did not have information that there were outstanding suspects, thereby making it unsafe for the medical providers on scene to begin rendering medical aid to DECEDENT.

30. The denial of medical care by Defendant Does 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

32. Defendant Does 1-5 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

33. The conduct of Does 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Does 1-5.

34. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

35. Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
(Against Defendant DOES 1-5)

36. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

37. MARIA BERMUDEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

38. RUBEN BERMUDEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

39. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

40. As a result of DOES 1-5's excessive force and failure to intervene, DECEDENT died. Plaintiffs MARIA BERMUDEZ and RUBEN BERMUDEZ were thereby deprived of their constitutional right of familial relationship with DECEDENT.

41. Does 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of MARIA BERMUDEZ and RUBEN BERMUDEZ to be free from unwarranted interference with their familial relationship with DECEDENT.

42. The aforementioned actions of DOES 1-2, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs MARIA BERMUDEZ and RUBEN BERMUDEZ, and with purpose to harm unrelated to any legitimate law enforcement objective.

43. Defendants DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

44. As a direct and proximate cause of the acts of DOES 1-5, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

45. As a result of the conduct of Does 1-5, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

46. The conduct of DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-5.

47. Plaintiffs bring this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

48. Plaintiffs also seek attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants County of Los Angeles, and Does 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal law, in the amount to be proven at trial;

B. For funeral and burial expenses;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 24, 2015                LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: March 24, 2015          LAW OFFICES OF DALE K. GALIPO


By_____/s/ Dale K. Galipo_____
     Dale K. Galipo
     Eric Valenzuela
     Attorneys for Plaintiffs